## CHAPMAN v. CHAPMAN.

1. A sealed note on the one side and an open account on the other do not constitute "a mutual, open, and current account" between the parties, within the rule governing the currency of the statute of limitations. *Code*, ? 116.

2. To action on a sealed note, commenced in 1887, the defendant pleaded, as a counter-claim, an open account on which he credited "$18 for 9 shoats in 1883." This credit, made by defendant on his own account, seemingly without plaintiff's knowledge, did not so render the counter-claim "a mutual, open, and current account," as to protect the items thereof more than six years old from the plea of the statute of limitations interposed in the reply.

3. How much of an account has been established by proof, is exclusively for the determination of the jury.

Before WITHERSPOON, J., Greenville, September, 1888.

Action by R. E. Chapman against J. T. Chapman. When the first witness for defendant was on the stand, he was asked by defendant's counsel as to the transactions between the parties. It

was objected that witness "could not go behind the statute of. limitations; that everything up to that time had been cleared up." The court sustained the objection.

As to the credit on the counter-claim, defendant testified that there was a credit on the account for 9 shoats, paid in August, 1884, at $2 apiece; that this was all that plaintiff ever paid.

*Messrs. Perry & Heyward,* for appellant.

*Messrs. Blythe & McCullough,* contra.

October 16, 1889. The opinion of the court was delivered by

Mr. Justice McGowan. This action was brought on a sealed note given by the defendant to the plaintiff on June 4, 1881, and had on it a credit in these words: "Received on the within note ten dollars, this the 23rd day of December, 1884." The action was commenced October 29th, 1887. The defendant admitted the note, but set up a counter-claim against the plaintiff for $577.45, consisting of an open account for articles alleged to have been sold and delivered to the plaintiff from 1878 to 1885, the whole account, as stated, aggregating $695.45, but was reduced to $577.45 by a credit placed upon it by the defendant, "1883, deduct credit for 9 shoats, $18." The account was not a regular merchant account, but was miscellaneous in character, for "timber," "sawing," "cotton gin," condensed bagging and ties, toll on cotton ginned, &c. The plaintiff replied, denying that he was indebted to the defendant in any amount of the counter-claim, and also pleading the statute of limitations.

There was certainly much confusion, contradiction, and doubt as to the proof of the sale and delivery of the various articles embraced in the counter-claim. The judge charged: "Now, where a counter-claim is set up, it must be proved. The plaintiff's action was instituted on October 29th, 1887, and the law says that in a case of this kind, you cannot go further back than six years from the commencement of the action; therefore I charge you as a matter of law, and you are bound by that, that in considering the defendant's counter-claim, you cannot go back any further than October 29th, 1881" (six years before the action).

The jury found for the plaintiff $220.25, and the defendant appeals upon the grounds: "1. Because his honor erred in ruling that all the items of defendant's counter-claim, of date previous to October 29th, 1881 [6 years before action], were barred by the statute of limitations. 2. That the verdict is in excess of the amount due the plaintiff, even if his honor was correct in so ruling."

One who pleads a counter-claim, must establish it under the law, precisely as if he had brought an original action. The ruling of his honor was undoubtedly correct, unless the case was one of those falling within the exceptions made by section 116 of the Code of Procedure, which declares as follows: "In an action brought to recover a balance due upon a mutual, open, and current account, where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side." It does not appear that the presiding judge was requested and refused to charge that this was a case of "mutual account," under the act above cited. No such request was made; but if it had been, we do not think the refusal to charge it would have been error. We are not able to see that there was any "mutual account" here. The plaintiff claimed no account whatever, but sued on a sealed note alone, which could not, in any sense, be called an "open account." As Judge O'Neall said, in delivering the judgment of the court in the case of *Cunningham* v. *Executors of Green*, Dudley, 351: "It is true, beyond all question, that a note of hand cannot be regarded as the evidence of a 'mutual account.' It has directly the contrary effect; it furnishes a presumption that the accounts between the parties to its date have been settled. The plaintiff's due bill to the testator cannot, therefore, be regarded as a mutual account between the parties," &c. This is absolutely conclusive of the case, so far as the note of the defendant was concerned.

Then the only other possible foundation for the allegation of a mutual account was the single item of $18 "for 9 shoats," which the defendant himself, *ex parte*, saw fit to credit on his own account, and thus reducing it to the amount claimed, $577.45. It does not appear that the plaintiff claimed the item for the

"shoats." He certainly did not include it in his action, suing, as he did, simply for the note. It seems to us that it would require great liberality of construction to hold that such single item, credited by the defendant on his own account, seemingly without the knowledge of the plaintiff, amounted not only to a mutual, but "an open and current account." We think the case of *Cunningham* v. *Executors of Green, supra,* is conclusive of this, as to the account being a mutual, open, and current account.

As to the second ground of appeal, it was exclusively for the jury to determine whether any, and, if so, how much, of the counter-claim not barred by the statute had been established by the proof.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.